I. I. STEGAL AND WIFE *v.* JOHN FISH'S ADM'R.

**Executors and Administrators—Pleading—Averment of Blank Amount.**

An amended petition in a settlement suit is insufficient where it alleges overpayment to certain of the distributees, but leaves the amounts in blank, since no relief could be granted thereon if the amended petition should be taken as confessed.

APPEAL FROM LINCOLN CIRCUIT COURT.

. December 19, 1873.

OPINION BY JUDGE LINDSAY:

Robards, the administrator of John Fish, deceased, excepted to the report of the master, fixing the advancements made by the decedent to his children, upon the ground that it was based upon the testimony of Mrs. Fish, who detailed information derived from her deceased husband during their coverture. The deposition of Mrs. Fish was suppressed, and the cause remanded to the master, to take further proof and to settle the accounts between the administrator and the distributees.

On the 17th of October, 1870, the master again reported as to the matter of advancements. On the 2d of November, 1870, this report was approved, and a judgment rendered directing the administrator to pay out specific sums to certain of the distributees, and the cause again referred to the master to take proof as to the claims of Mrs. West, John F. West and Mrs. Fish, and for no other purpose. April 20, 1871, the master made his report pursuant to this last order of reference. On the 27th of the same month the case was recommitted with specific instructions, and on the 17th of October, 1871, another report was made. The cause was again remanded without specific instructions.

And on the 26th of October, Stegall and wife filed an amended petition asking to set aside all steps previously taken in the case,

and to have it settled upon an entirely different basis. They complained that certain of the distributees had been overpaid, but they leave the sums in blank. If their amended petition had been taken for confessed, no relief could have been granted them. It furnished no basis upon which a judgment could have been rendered; nor did it state any ground authorizing the court to compel a discovery by the administrator or the distributees, to whom it was alleged improper payments had been made. Further than this the judgment of November 22, 1870, was a final disposition of the question of advancements, and the order to the administrator to pay out assets in his hands was imperative.

It is wholly immaterial whether the master did or did not accept the settlements made by the administrator with the county court. The fact that he did so was reported to the court; his report was confirmed and a judgment based upon it. This judgment was final and can only be annulled, vacated, or modified, in the mode prescribed by law. The amended petition of October 26, 1871, sets up none of the statutory grounds upon which the circuit court could have based this final order. It was, therefore, properly dismissed.

Judgment affirmed.

*Dunlap, for appellants.*

*Hill & Alcorn, for appellee.*